J. R. DIETER, Appellee, v. WILLIAM COYNE, Appellant.

REPLEVIN: Trial—Unsupported Issue of Partnership. In an action of replevin for two articles, of which plaintiff was the absolute owner of one and the holder of a chattel mortgage on the other, defendant's issue of partnership is properly rejected when supported only by a showing that the parties had temporarily shared equally in the net earnings of the two articles. (See Book of Anno., Vol. 1, Section 11493, Anno. 504 *et seq.*)

Headnote 1:    34 Cyc. pp. 1518, 1519.

*Appeal from Crawford District Court.*—E. G. ALBERT, Judge.

APRIL 6, 1926.

ACTION of replevin in two counts. Under the first count the plaintiff claims the possession of a threshing machine separator, on the ground that he is the absolute owner thereof. In the second count he claims possession of a certain steam engine, on the ground that he has a valid chattel mortgage thereon. The defense was a general denial, coupled with an averment that the property in question belonged to a partnership, consisting of plaintiff and defendant as partners. There was a verdict for the plaintiff, and judgment thereon. The defendant appeals.—*Affirmed.*

*Brown McCrary* and *John E. Haltigan,* for appellant.

*Conner & Powers,* for appellee.

EVANS, J.—The complaint of appellant is that the trial court withdrew a certain material issue from the consideration of the jury: that is, the issue of partnership.

It appears that the plaintiff for several years had been the owner of a threshing machine separator, and that one Maloney had been the owner of the steam engine involved herein; that by mutual arrangement they operated the two pieces of property as a threshing machine outfit, and divided between themselves equally the net compensation received, after paying the expenses of operation. The use of the engine and separator was set one against the other, without charge or compensation for either. In 1923, the separator having become inefficient, the plaintiff bought another as a substitute, and the same arrangement was continued. It appears also that, during the period covered by this arrangement, Maloney's engine was under a chattel mortgage, foreclosure of which was threatened. To avoid such foreclosure, the plaintiff purchased the mortgage, and thereafter held the same. Thereafter, Maloney sold out his interest in the outfit to the defendant, who took Maloney's place and entered into a like arrangement with the plaintiff, doing threshing jobs during the threshing season. Friction having

arisen between them, they were unable to co-operate, and the plaintiff demanded the possession of the outfit, as here indicated. There was some slight testimony by Maloney that he had an interest in the separator by reason of the fact that it was paid for in part with his money. This issue, however, was submitted by the court to the jury, which found that the plaintiff was the absolute owner of the separator.

The principal point urged by the appellant is that the court should have submitted to the jury the question whether there was an existing partnership. It is urged that the transaction between the parties was in the nature of a partnership or a joint adventure. We have little occasion to determine what name should be applied to the form of enterprise entered into. If it should be called a partnership, it would be quite immaterial to the issue before us, unless it appeared that the partnership owned the engine and the separator. Such ownership was by no means essential to the existence of the partnership, as such. That these men had a joinder of interest in their earnings and compensations is clear. But that will avail nothing to the appellant unless each surrendered to the partnership his ownership of his separate property. The finding of the jury that the plaintiff was the absolute owner of the separator is conclusive upon that question. Quite apart from such finding of the jury, we find no sufficient evidence in the record that would justify a jury to find that these parties had merged their respective titles in their property into a joint or partnership title. The arrangement between them was not a continuing one, but was temporary only. It lasted each year during the brief period of the threshing season. At the close of such season, the plaintiff took charge of his own separator, and kept it upon his own premises. It does not appear that either party was under any obligation to continue the arrangement from year to year. Nor does it appear that any property was regarded at any time as belonging to the partnership, other than the accounts accrued for the threshing. We think the trial court did not err in refusing to submit the alleged issue of partnership to the jury.

The judgment below is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and VERMILION and MORLING, JJ., concur.